IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

RICARDO RUIZ,

        Petitioner,

v.                              Civil Action No.: 3:18-CV-176 (GROH)

JENNIFER SAAD,

        Respondent.

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On October 25, 2018, Petitioner, an inmate incarcerated at FCI Gilmer, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] On December 14, 2018, the Respondent filed a motion to dismiss or, alternatively, for summary judgment, and memorandum in support thereof with exhibits attached thereto. ECF Nos. 10, 11, 11-1. Petitioner filed a response on January 14, 2019. ECF No. 12.

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be dismissed with prejudice.

---

[1] All ECF numbers cited herein are from the instant case, 3:18-CV-176, unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

On January 22, 2016, a superseding indicted was issued in the Eastern District of New York, Brooklyn Division, in case number 1:15-CR-1613. ECF No. 15. On July 20, 2016, Petitioner entered his plea of guilty to the single count indictment. ECF No. 58. On June 23, 2017, Petitioner was sentenced to a total term of 84 months for his conviction for assault on a federal officer as charged in the superseding indictment. ECF No. 105.

### B. Prison Disciplinary Proceedings

On December 28, 2017, while Petitioner was then incarcerated at FCI Allenwood, in Allenwood, Pennsylvania, he was charged in an incident report with refusal to accept a program assignment, in violation of Prohibited Act Code § 306. ECF No. 11-1 at 18. On that date, officer J. Lepley reported that:

> On 12/28/2017 while working as the Special Housing Unit number 3 officer, I made inmate Ruiz-Rosado, Ricardo aware that he was due to leave the special housing unit and return to the compound. He stated "No". I gave him a direct order to return to the compound and he then stated "No"[.]

Id. The UDC referred the matter to a Discipline Hearing Officer ("DHO") because Petitioner had several other incident reports in the last year. Id.

On January 3, 2018, a "Notice of Discipline Hearing Before the (DHO)" ("the Notice") was issued to Petitioner, who signed and dated the document on that date. ECF No. 11-1 at 21. The Notice indicated that Petitioner waived his right to have a staff

---

[2] Throughout Section II.A., all ECF numbers refer to entries in the docket of Criminal Action No. 1:15-CR-613 from the Eastern District of New York, unless otherwise noted. Unless otherwise noted, the ECF entries in this section refer to that criminal case. Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

representative at the hearing. Id. The Notice further indicated that Petitioner did not wish to call witnesses. Id. On the same date the Notice was issued, January 3, 2018, Petitioner also received and acknowledged receipt of "Inmate Rights at Discipline Hearing" notice. Id. at 23.

The DHO hearing was held on January 18, 2018, by DHO K Bittenbender. Id. at 25 – 27. The DHO Report summarized Petitioner's statement, "I'm not going to the compound." Id. at 25. The DHO found that Petitioner committed the charged offense, refusing to work or to accept a program assignment, a violation of Code 306, as charged. Id. Further, the DHO included the following specific evidence relied on to support his findings:

> Upon questioning by the DHO, Ruiz-Rosado [ ] admitted the charge. He elaborated upon his plea by stating, he was not going to the general population. SIS addressed the inmate's claim of government cooperation which was unsubstantiated.

ECF No. 11-1 at 26. As a result of his finding, the DHO imposed the following sanctions: (q) disallowance of 27 days of Good Conduct Time ("GCT"); (2) forfeiture of non vested good conduct time; (3) loss of mattress for three months; (4) impound of property for three months; (5) loss of phone and visitation privileges for one year. Id. at 26.

  **C.**   **Instant § 2241 Petition**

In the Petition, Petitioner asserts that his eighth amendment rights against cruel and unusual punishment were violated when he was placed "in the s[pecial] h[ousing] u[nit] for several months all because I feared for my life and safety and did not return back to the compound." ECF No. 1 at 14. Petitioner argued that he did not "refus[e] to work or to accept a program assignment," but that he was "not going to risk my safety and life by going back to the compound." Id. at 5 – 6. Petitioner further asserts that he is Puerto

3

Rican and was denied a translator at his DHO hearing.  Id. at 7 – 8.  Petitioner does not assert that he raised the need for a translator either before or at the hearing.

Petitioner asserts that he has administratively exhausted his claims.  ECF No. 1 at 17.  Petitioner requests the restoration of his 27 days of Good Conduct Time, "54 days of none investment good time", a refund of his $35.00 fine and to expunge his sanctions.  Id.

### III.   STANDARD OF REVIEW

#### A.   Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Cases in the U.S. District Courts.

#### B.   Pro Se Litigants.

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers."  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded

by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C. Habeas Corpus Petitions Filed Pursuant to 28 U.S.C. § 2241

A petition filed pursuant to § 2241 is the appropriate method to challenge a due process violation as part of a prison disciplinary hearing. Burgess v. Dunbar, 628 Fed. Appx. 175 (4th Cir. 2015). An inmate who is subject to a disciplinary conviction which results in a loss of good-conduct credit is entitled to the following for the minimum requirements of procedural due process:

1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;

2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;

3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

5

      him to do so will not be unduly hazardous to institutional safety or correctional goals;

4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and

5. providing impartial factfinders.

Wolf v. McDonnell, 418 U.S. 539, at 564-566, 570-571; Burgess, 628 Fed. Appx. at 176 (quoting Wolff).

      **D.**      **Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light

most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

     E.     **Motion for Summary Judgment**

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323.  Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that

there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

### IV. ANALYSIS

Petitioner contends that his Constitutional rights were violated during the prison disciplinary proceedings held on January 18, 2018. ECF No. 1. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539,

9

556 (1974).  When a prison disciplinary hearing may result in the loss of good time credit, due process requires the following:

>    1. giving the prisoner written notice of the charges at least twenty-four hours before he appears for his disciplinary hearing;
>
>    2. providing the prisoner a written statement by the factfinders as to the evidence relied on and reasons for the disciplinary action;
>
>    3. allowing the prisoner to call witnesses and present documentary evidence in his defense, when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals;
>
>    4. if the prisoner is illiterate or the complexity of the issue makes it unlikely that the prisoner will be able to collect and present the evidence necessary for an adequate comprehension of the case, permitting the prisoner the aid of a fellow prisoner, or if that is forbidden, aid from staff or a sufficiently competent inmate designated by staff; and
>
>    5. providing impartial factfinders.

Id. at 564-566, 570-571.

In the present case, the Court finds that Petitioner was provided all the due process required for a disciplinary proceeding for several reasons.  First, Petitioner received notice of the disciplinary hearing on January 3, 2018, more than 14 days before the hearing was held.  ECF No. 11-1 at 21.  Additionally, Petitioner was given notice of the charge on December 28, 2017, when he was provided a copy of the incident report by D. Munson. Id. at 18.   Second, the DHO Report includes several paragraphs which explain the specific evidence relied on to support the findings, including statements of the reporting staff member and Petitioner's admission to the charged conduct.  Id. at 26.   Third, Petitioner was offered the opportunity to call witnesses and present evidence; but did

10

testify on his own behalf. Id. at 25 – 26. Fourth, because Petitioner is not illiterate, nor did the complexity of the issue make it unlikely that Petitioner could collect and present the evidence necessary for an adequate comprehension of the case, he did not require the aid of a fellow prisoner or staff. Petitioner claims now that he did not fully understand all of the proceedings without a translator to assist him. Nonetheless, Petitioner was offered staff aid but waived his right to staff assistance. Id. at 21, 25. Finally, the DHO was an impartial factfinder, who was not the staff member who authored the Incident Report. Rather, the incident report was authored by J. Lepley. Id. at 26.

The results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision. Superintendent v. Hill, 472 U.S. 445, 455. (1985) ("due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457). To determine whether this standard is satisfied:

> Does not require examination of the entire record, independent assessment of the credibility of the witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached . . . .

Id. at 455 - 56. In this case, the Disciplinary Hearing Officer found Petitioner guilty of refusal to accept a program assignment, in violation of Prohibited Act Code § 306. The reasons listed by the DHO for his finding include the statement of the reporting staff member in the Incident Report and the admission of the Petitioner. This Court finds that the evidentiary requirement standard enunciated in Superintendent v. Hill, supra, was met as there is "some evidentiary basis" to support the DHO's findings. Therefore, the

undersigned finds that the Disciplinary Hearing Officer's decision is supported by some evidence and that the Petition as a whole should be denied.

Respondent filed a motion to dismiss, or, alternatively, for summary judgment. Pursuant to Wolff v. McDonnell, supra, the claims of Petitioner regarding the alleged unconstitutionality of his disciplinary proceedings are appropriately raised in his § 2241 complaint. Pursuant to Republican Party of North Carolina v. Martin, supra, a motion to dismiss "tests the sufficiency of a complaint" but "does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." It appears to the Court that the petition, when construed liberally, could prove some set of facts in support of Petitioner's claim which would entitle him to relief. Accordingly, it appears that the Petition is not appropriate for dismissal under Rule of Civil Procedure 12(b)(6).

However, the Petition does appear appropriate for summary judgment. Consistent with the holding of Celotex Corp. v. Catrett, supra, the movant has shown "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Although Petitioner has asserted that his rights were violated during the disciplinary hearing process, because he feared for his safety if returned to the general population from the special housing unit, Petitioner has failed to meet his burden to produce specific facts which show the existence of a genuine issue for trial in response to the Respondent's properly supported motion for summary judgment.

Pursuant to the holding of Superintendent v. Hill, supra, the results of a prison disciplinary proceeding will be upheld so long as there is "some evidentiary basis" to support the decision. This Court finds that there is some evidentiary basis to support the decision of the DHO. Accordingly, even when viewing all the evidence in the light most

favorable to the nonmoving party, it appears that the Respondent is entitled to judgment as a matter of law.

## V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be DENIED and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE**.

This Court also **RECOMMENDS** that Respondent's "Motion to Dismiss, or, Alternatively, for Summary Judgment" [ECF No. 10] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:** May 16, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE